**John A. WHALEN, Plaintiff,**

v.

**BMW OF NORTH AMERICA, INC., et al., Defendants.**

**Civ. No. 93–0828–E (BTM).**

United States District Court, S.D. California.

Sept. 26, 1994.

---

Royce, Grimm, Vranjes, McCormick & Graham, A. Carl Yaeckel, San Diego, CA, for defendants the Sailing Vessel PICARO, her Engines, Boats, Tackle, Apparel and Furniture and James Buske.

Douglas D. Holthaus, Adkins & Holthaus, San Diego, CA, for plaintiff John A. Whalen.

## MEMORANDUM DECISION AND ORDER

ENRIGHT, District Judge.

### BACKGROUND

The genesis for this case arises from a May 31, 1992 collision between two sailing vessels during a sailboat race on San Diego bay. The race was sponsored by BMW and KFSD–FM 94.1 (a local radio station), among other corporate sponsors, and was called the "BMW Sailing Classic Regatta." The vessel *Stella Maris* was piloted by the plaintiff, John Whalen. The vessel *Picaro* was piloted by the defendant, James Buske. During the course of the race the vessels collided as they rounded a course mark. Plaintiff's complaint in Admiralty was filed June 10, 1993 and initially named defendant Buske as well as the corporate sponsors. The sponsors of the regatta were later dismissed from the case.

A complaint in intervention was also filed by plaintiff's property damage carrier and the claims for property damage have been settled. The only claims remaining before this court entail claims for personal injury by the plaintiff. Plaintiff alleges he suffered a rotator cuff injury as a consequence of the collision. Plaintiff states defendant was at fault for the collision, and plaintiff's protests alleging defendant violated United States Yacht Racing Union (USYRU) Rule 36 (vessel on port tack to give way to vessel on starboard tack) caused defendant to be disqualified from the race.

Defendant moves for summary judgment based upon the application of the assumption of risk doctrine, or in the alternative argues assumption of risk should be an issue considered by the jury in this case.

### ASSUMPTION OF RISK AS APPLIED TO YACHT RACING

The question presented is whether assumption of risk can apply in the context of a yacht race where the injured participant has allegedly executed an express assumption of risk in the form of a race application.

This court finds the case at bar is unlike any yacht racing decisions previously published. Here, the plaintiff (through his wife completing a race application, *see* deposition of John Whalen at p. 96) signed a form which expressly stated:

3. I assume any risk of injury arising out of: my participation in the race, failure or breakage of my yacht, or any of its equipment, or weather conditions.

Few courts have addressed the issue of assumption of risk as applied to yacht racing. The earliest decision was *Dunion v. Kaiser*, 124 F.Supp. 41 (E.D.Pa.1954), which held assumption of risk was applicable to a motor boat race where two boats collided. The *Dunion* court eloquently explained:

Libellant, having chosen to enter his boat in a racing event in which he knew it would encounter high speed maneuvers and close proximity to other craft operating in rough and confused waters must be left to bear the loss that has resulted. He will not be heard to say that he should recover be-

cause other drivers were less skillful than his or that other boats were groomed to a lesser degree of perfection.... these facts are precisely what he hoped to demonstrate by having his boat the first to cross the finish line. *Id.* at 45.

The *Dunion* decision has not been expressly overruled; however, it has been criticized by the only appellate court to address this issue. *De Sole v. United States*, 947 F.2d 1169, at note 2 (4th Cir.1991). The *De Sole* court noted the *Dunion* case has been rarely cited, and in the context of commercial collisions, the assumption of risk doctrine does not apply.

In *De Sole v. United States*, 947 F.2d 1169, the court discussed the issue, reserving a ruling on whether assumption of risk could apply in the context of a boat race. In *De Sole*, the court held that the district court had prematurely dismissed a claim arising from a boating collision during a yacht race based upon assumption of risk, and remanded the case for further fact findings. The *De Sole* court did provide some insight into their thoughts on the issue and stated:

> If, indeed, we are obliged to decide flat out whether assumption of risk applies to a yachting race on the high seas ... the majority would be disposed to hold there is ordinarily no assumption of risk doctrine applicable to collisions between contestants in a maritime race of the nature presented. A decision that the assumption of risk doctrine usually does not apply to race collisions in admiralty, leaves open the possibility that, in certain circumstances, a court could find that a particular sailor had assumed the risk of collision. For example, a yacht club could require all racing participants in advance of the race to sign a statement that they would not sue for damages in negligence in the case of collision, thereby assuming the risk. *Id.* at 1174.

The *De Sole* court then cited Prosser and Keaton on Torts, noting that the issue of assumption of risk is usually left to the fact finder to determine whether 1) the plaintiff knew the risk was present and the risk's nature; and 2) the plaintiff's choice to proceed was free and voluntary. *Id.* at 1174, note 8.

Finally, the *De Sole* court stated:
> Whether, and if, under what circumstances assumption of the risk applies in admiralty we again emphasize that we do not, in the present posture of the case, reach. *Id.* at 1178.

Therefore, based upon the representations of the *De Sole* court, the applicability of the assumption of risk doctrine to the circumstances of this case remains an open issue.

The only other decision to lend guidance in this area of law is the recent decision of *Manning v. Gordon*, 853 F.Supp. 1187 (N.D.Cal.1994, J. Orrick). In *Manning*, two yachts collided while racing in the San Francisco Bay, resulting in significant damage to one of the vessels. In *Manning*, the court held that as a *general* proposition, assumption of risk did not apply in the context of a yacht race collision. The *Manning* court noted that, for the sake of uniformity in the applicability of admiralty law, assumption of risk should generally not apply. However, the *Manning* court relied heavily on the *De Sole* decision for this general proposition. As the court previously discussed, the *De Sole* court left open the question of whether assumption of risk may apply where "a particular sailor had assumed the risk of collision." *Id.* at 1174. Additionally, the *Manning* court was not faced with a race application which provided for an express assumption of risk of injury.

The defendant notes that the question regarding the applicability of assumption of risk under the circumstances of this case is an open issue. Defendant highlights state court law in which assumption of risk is applied to certain sporting activities depending upon the nature of the activity and the plaintiff's relationship to the activity. *See Knight v. Jewett*, 3 Cal.4th 296, 11 Cal. Rptr.2d 2, 834 P.2d 696 (1992). The defendant argues the California case law relied upon by the *De Sole* court is no longer valid. The defendant states *Manning* is unpersuasive precedent, and notes the *Manning* court merely makes very general findings. The defendant states if the court is unwilling to grant their summary judgment, the court

should decide the issue of whether they will be allowed to present an assumption of risk defense to the jury in this case.

The plaintiff essentially argues the cases are clear that assumption of risk does not apply to collisions in yachting races. The plaintiff opines that the law is so clear that defendant should be sanctioned for the costs of addressing this motion. The plaintiff then suggests the court may strike defendant's affirmative defense of assumption of risk *sua sponte*, and requests the court to make a determination on the applicability of this doctrine to the case at bar.

Upon consideration of all the fact and legal issues presented, this court holds that under the unique circumstances of this case the defense of assumption of risk is a potentially valid defense. This court finds defendant's position is well reasoned and is meritorious. No court has addressed the applicability of assumption of risk in the context of a yacht race where a race participant executed a waiver such as the one at bar. Under the circumstances of this case the court finds the determination of whether plaintiff had assumed the risk of collision-related injuries by executing the race application with the express assumption of risk language contained therein is properly left for the jury's determination.

Finally, because the issue of the applicability of assumption of risk in a yacht racing context is an unsettled area of law, plaintiff's sanction request is properly denied.

### *CONCLUSION*

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth above, the court hereby denies defendant's motion for summary judgment, denies plaintiff's request for sanctions and request for a *sua sponte* striking of defendant's affirmative defenses based upon the assumption of risk doctrine.